IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Edward Byrd,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-15-2263-PHX-NVW (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Charles Edward Byrd filed a Petition for Writ of Habeas Corpus challenging his convictions and sentences in Maricopa County Superior Court for one count of conspiracy to commit possession of dangerous drugs for sale. As explained below, the Court recommends that his Petition be denied and dismissed with prejudice.

**BACKGROUND**

Following his October 2012 indictment, Byrd entered a plea of guilty in Maricopa County Superior Court to one count of conspiracy to commit possession of dangerous drugs for sale with one historical prior felony. (Doc. 13, Exs. A, C, D) When Byrd entered his plea of guilty, Byrd was represented by counsel and the Court informed him of his pertinent constitutional rights and his rights of review. (Doc. 13, Ex. D) On October 16, 2014, Byrd was sentenced to an aggravated sentence of 10 years to be followed by a term of community supervision. (Doc. 13, Ex. F)

On November 9, 2015, Byrd filed a Petition for Writ of Habeas Corpus in this Court raising four related arguments about the underlying stop, search, and seizure that led to his conviction. (Doc. 1) Respondents argue that all of these claims are unexhausted and procedurally barred and, moreover, cannot be considered under habeas review. (Doc 13) In reply, Byrd reargues that his constitutional rights were violated. (Doc. 14)

## EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT

<u>Exhaustion of Remedies.</u> A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

<u>Procedural Default.</u> A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

## BYRD'S CLAIMS ARE BARRED

Byrd did not exhaust any of the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Byrd needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claim and the federal basis of those claims. Byrd never filed anything in the Arizona Court of Appeals and, therefore, his claims are not exhausted.

In addition, Byrd's claims are now subject to an implied procedural bar because his claims were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Byrd has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Byrd first claims that his settlement conference judge told him that he could get additional prison time if he filed for post-conviction relief. (Doc. 1 at 5) This misstatement of the law was countered by the advisories given to Byrd during the entry of his plea and does not explain or justify his failure to initiate post-conviction proceedings.

He has also presented his trial counsel's motion to suppress and it appears that he is attempting to re-litigate that motion in this proceeding. (Doc. 14, Ex. B) The Court's denial of this motion is not a miscarriage of justice such that the Court can review his procedurally defaulted claims.

Finally, the Court notes that even if Byrd had exhausted his claims in the state court system, this Court would not be able to "grant federal habeas relief on the Fourth Amendment issue." *Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005).

**IT IS THEREFORE RECOMMENDED** that Charles Edward Byrd's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 5th day of April, 2016.

_____
David K. Duncan
United States Magistrate Judge